**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MICHELLE R. EVANS and
PAT EVANS**                                                                                             **PLAINTIFFS**

**VERSUS**                                                            **CIVIL ACTION NO. 2:05cv379KS-MTP**

**EDWARD HAYES and
WERNER ENTERPRISES, INC.**                                                          **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment on the plaintiffs' punitive damages claim **[#32]** filed on behalf of the defendants.  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being fully advised in the premises finds that the motion is well taken and should be denied.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

On June 18, 2002, Michelle Evans was driving a Nissan Pathfinder north on Highway 27 in rural Lawrence County,  transporting her three minor children and two neighbor children home from school.  According to her deposition testimony, as she proceeded north, Evans approached a railroad crossing, slowed to approximately 15 miles per hour and eased over the railroad tracks which was in close proximity to the intersection of Smith Ferry Road and Highway 27, where she intended to make a left

turn onto Smith Ferry Road. According to Evans, as she approached the intersection she activated her left turn indicator in preparation for her turn.

As Evans approached the intersection to turn, Edward Hayes was operating a loaded Werner Enterprises tractor-trailer rig behind her. Hayes has stated that he did not know that Evans intended to turn left as he saw no turn indicator. Evans' vehicle was either stopped or slowing to a stop in the highway - Hayes contends that it was stopped. Hayes therefore began to pass Evans' vehicle by crossing a no passing stripe in the highway and proceeding across the railroad grade crossing.

Evans, apparently unaware that Hayes was attempting to pass her vehicle, turned her Pathfinder across the southbound lane of Highway 27 to complete her turn. As she did so, Hayes' truck struck her vehicle on the left side with the right front of the truck. Hayes swerved to the left when he realized that Evans was turning, in an effort to avoid the accident, but was unable to avoid the collision. After the vehicles made contact, they left the roadway together and came to rest on the grass apron adjacent to Highway 27.

None of the five minor children were seriously injured as a result of the accident. However, Michelle Evans claims that she received and continues to suffer from serious injuries and therefore brought suit against Edward Hayes and Werner Enterprises claiming that Hayes violated various rules of the road under Mississippi law and that both defendants are liable for compensatory and punitive damages. Michelle Evans' husband, Pat Evans, has sued for loss of consortium arising out of his wife's claimed injuries.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d

265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v.*

*National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

### PUNITIVE DAMAGES UNDER MISSISSIPPI LAW

It is well settled in Mississippi that punitive damages are to be assessed only in extreme cases. See *Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985). "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits." *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988). Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or

> wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215 (Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d 226, 233 (1962)). See also, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437, 442 (Miss.1999). "In order to warrant the recovery of punitive damages, there must enter into the injury some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698). When deciding whether to submit the issue of punitive damages to a trier of fact, the court is required to examine the totality of the circumstances as established by the record, to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard in order to justify the imposition of punitive damages. See *Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

Based on the foregoing well settled principles of law, the Mississippi Supreme Court has instructed that "in order for the issue of punitive damages to warrant jury consideration, [the plaintiff] must show that a question of fact exists as to whether the aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the commission of fraud. *Bradfield v. Schwartz*, --- So.2d ----, 2006 WL 1350051, *5 (Miss. 2006). The *Bradfield* Court went on to discuss the statutory procedure for the determination of whether the issue of punitive damages should ultimately be presented to the jury. In so doing, the court quoted the language of Miss. Code Ann. § 11-1-65

which provides

>   (1) In any action in which punitive damages are sought:
>
>   (a) Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.
>
>   (b) In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages.
>
>   (c) If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.
>
>   (d) The court shall determine whether the issue of punitive damages may be submitted to the trier of fact; and, if so, the trier of fact shall determine whether to award punitive damages and in what amount.

Miss. Code Ann. § 11-1-65(1)(a)-(d).

## **CONCLUSION**

After a careful review of the totality of the facts before the court, the court concludes that there are too many factual disputes to resolve the issue of submission of the punitive damages claim to the jury. The court recognizes that punitive damages are highly disfavored in automobile cases, and frankly, this case does not seem to warrant the imposition of such an extreme remedy, if the facts, as alleged by the defendants, prove correct. However, the court will be in a better position to make the decision of whether to submit the issue to the jury at the conclusion of the proof as opposed to

summarily at this point.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment on the plaintiffs' punitive damages claim **[#32]** filed on behalf of the defendants is denied.

SO ORDERED AND ADJUDGED this the 17th day of October, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

_____